UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| ) | No. 09-100-RET-CN |
| ) | |
| LOUISIANA GENERATING, LLC ) | |
| ) | |
| Defendant. ) | |

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION AND DOCUMENTS

It is hereby Ordered that this Stipulated Protective Order Regarding Confidential Information and Documents ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action (the "Action").

1. Entry of this Protective Order is appropriate because Louisiana Generating LLC ("Louisiana Generating") contends that information and documents relevant to the allegations and defenses in this matter contain sensitive business and other confidential and proprietary information. This Protective Order is also appropriate to protect confidential and proprietary information that may be present in discovery sought from the United States or non-Parties. Under this Protective Order, the United States and Louisiana Generating (hereinafter referred to collectively as "Parties") may seek documents and information from non-Parties that such non-

1

Parties consider confidential and the Parties intend for such non-Party confidential information to be disclosed under the terms of this Protective Order.

2. The procedures described herein shall be adopted with respect to certain documents and other information produced and/or disclosed in this Action. Except to the extent required by law (including, but not limited to the Freedom of Information Act ("FOIA") and applicable federal agency regulations implementing FOIA), this Protective Order shall apply to all Discovery Material (as defined in Paragraph 3, below) that any Party or non-Party marks as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with this Protective Order. A Party or non-Party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator."

3. For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery). Discovery Material shall also include (a) any documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request, and (b) documents or information produced by or on behalf of Louisiana Generating in response to EPA information requests under Section 114 of the Clean Air Act and designated as confidential in the response.

4. For the purpose of this Protective Order, "Confidential Information" shall mean Discovery Material containing financial and business information, marked as "CONFIDENTIAL

- SUBJECT TO PROTECTIVE ORDER" in accordance with Paragraph 8 or 9, which contains confidential business or trade secret information and is entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c)(7), 40 C.F.R. Part 2, Subpart B, 18 U.S.C. § 1905, or any other statute, regulation, applicable court order or rule, or common law rule restricting disclosure.  No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

5.    If any non-Party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Information, then the non-Party may designate such material as confidential in accordance with Paragraph 8. Non-party Confidential Information designated as such, or any copy, excerpt, or summary thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order.  Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality and bears the burden of establishing its claim to confidentiality in such proceedings.

6.    No Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall (a) be used for any business, commercial, competitive, personal, or other non-regulatory or non-enforcement purposes; or (b) be disclosed by the person receiving it to any other person without the prior written consent of the Designator or an order of the Court, except to the following:

      i.    Counsel for the Parties;

      ii.   Counsel's employees;

       iii.      Parties and employees of the Parties;[1]

       iv.      Litigation consultants and contractors, and persons designated as expert witnesses;

       v.      This Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order;

       vi.      Court reporters, videographers, stenographers or other persons preparing transcripts of testimony;

       vii.      Witnesses or potential witnesses; and

       viii.      Outside vendors, including their employees, retained by Counsel for either Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services.

7.      With the exception of those persons designated in clauses 6.i., 6ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be disclosed to any person specified in Paragraph 6 unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto and executed the agreement attached hereto as Exhibit A. Documents may be handled by clerical personnel in the employ of any Party or non-Party that has executed the agreement who are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc., without such personnel signing the agreement. Persons indicated on the face of Confidential Information as having been the authors or recipients of such documents need not execute Exhibit A before being provided access to such information. The agreement, attached hereto as Exhibit A, shall provide for the

---

[1] This provision shall include employees of NRG Energy, Inc. and its subsidiaries to the extent that such employees are directly involved in the defense of this action.

return of all copies of the Confidential Information, not previously destroyed, at the conclusion of this Action, including any appeals therein, to Counsel for the Party that provided the copy. Counsel for each Party shall obtain and retain executed copies of the agreements attached as Exhibit A from each person, other than persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, to whom it discloses any Confidential Information other than its own Confidential Information.

8. Any Discovery Material considered by a Party or non-Party to be confidential or to contain Confidential Information shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in a readily visible or noticeable manner. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service, except that where a Party produces documents for inspection pursuant to FRCP 34, the Party may designate any Confidential Information within 30 days of the date on which the producing Party is notified by the requesting Party of the specific documents that are requested to be copied. Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation appears clearly on any such copies or duplicates.

9. Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Any testimony given in any deposition may be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by any Party or non-Party by making such designation on the record.

A Party or non-Party may also make such designation in writing to the court reporter if the designations are made within fourteen (14) days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of Record.  At the Designator's expense, the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope.  Whenever any Confidential Information is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not previously been marked, and appropriately sealed.  Only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, shall be entitled to obtain copies of that portion of the transcript and/or exhibit.  A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

10. All Parties, their Counsel, and all persons designated in Paragraph 6, above, who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

11. Whenever Confidential Information is to be referred to or disclosed in a hearing or trial proceeding, any Party or non-Party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court

6

exclude from the room those persons who are not authorized to receive Confidential Information under this Protective Order.  In addition, any Party or non-Party may move the Court to designate any testimony given in such hearing or trial proceeding as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope.  Whenever any document designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Action, any Party or non-Party may move that it be so marked if it has not previously been marked and appropriately sealed.  Where the Court rules that such material is entitled to protection from disclosure under this Protective Order and the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, shall be entitled to obtain copies of that portion of the transcript and/or exhibit.  A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

      12.    Should any non-Party seek disclosure of Confidential Information from the United States or Louisiana Generating by way of subpoena, bona fide discovery request, or request pursuant to the Freedom of Information Act ("Discovery Request"), the United States or Louisiana Generating shall, by hand delivery or facsimile transmission, send that portion of the Discovery Request relating to the request for Confidential Information to the Counsel for the

Designator promptly upon concluding that such Discovery Request may call for the production of Confidential Information. (Notice shall also be given to Counsel for the Parties if the Designator is a non-Party.) Unless the Designator does not object to release of its information to the non-Party, the United States or Louisiana Generating will inform the non-Party that the information requested is Confidential Information protected by this Order and that the non-Party will have to seek an appropriate ruling from the Court or a confidentiality determination under 40 C.F.R. Part 2, Subpart B.

13. Any Party may at any time notify a Party or non-Party asserting a claim of confidentiality, in writing, or in the case of a deposition, hearing, or trial proceeding, either upon the record or in writing later, of the Party's objection to the designation of any information, documents, or testimony as confidential. In that event, the challenging Party and Designator shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may apply for an appropriate ruling from the Court. In any such application for a ruling, the Designator shall have the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment. The information in issue shall continue to be treated as Confidential Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in this Action shall be obliged to challenge the propriety of the designation of any Confidential Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation and shall not preclude any motion to seek permission from the Designator or the Court to disclose such Confidential Information to

persons not referred to in this Protective Order. Nothing herein shall affect either Party's right to seek modification of this Protective Order.

      14.    Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to the information so disclosed. A Party or other person making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Upon receiving written notice that Confidential Information has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Designator, and the receiving Party or non-Party shall not use such information for any purpose until further Order of the Court. Disclosure by a Party of the document or information prior to receipt of written notice that Confidential Information has been inadvertently produced by the Designator shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken by the Parties to protect such inadvertently disclosed information after notification is received from the Designator in accordance with this Protective Order.

      15.    Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of this Court.

      16.    Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise modifying this Protective Order. This Protective Order may be

amended without leave of Court by the agreement of Counsel for the Parties in the form of a filed stipulation.

17. This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-Party considers to be "Confidential Information." It does not constitute a determination that documents or information so designated are "Confidential Information." Nothing in this Order shall prejudice in any way the right of any Party to seek a court determination or a determination pursuant to 40 C.F.R. Part 2, Subpart B of whether particular documents, information or testimony are confidential business information that should remain subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

18. In the event that a Party files a motion that relies on Confidential Information, nothing in this Protective Order requires such motion or supporting memoranda to be filed under seal. The Parties agree, however, that any information claimed by a Designator to be Confidential Information (whether contained in the body of the motion or memoranda or attached as a separate exhibit) shall be entitled to protection under the terms of this Order. In that regard, the Parties will protect the Confidential Information, either by redacting the information or placing it in a separate confidential exhibit before filing the motion, memorandum and/or supporting exhibits with the Court. If a filing is made under seal pursuant to this paragraph by a Party other than the Designator, then the Designator shall have ten (10) business days following service of the filing to provide a redacted version of the motion, memorandum and/or supporting exhibits to the Party making the filing, except that if such filing is in support of or in opposition to a motion for summary judgment, then the Designator shall have twenty-one

(21) calendar days following service of the filing to provide a redacted version of the motion, memorandum and/or supporting exhibits to the Party making the filing. If service is made other than by hand, then three (3) additional business days shall be added to the time for the Designator to respond. At the conclusion of the period of time set forth in this paragraph, the Party making the filing shall make an unsealed filing of either the redacted version of the filing (if provided by the Designator) or, if no redacted version has been provided, of the initial version that was previously filed under seal. The failure of a Designator to provide a redacted version within the time provided under this paragraph constitutes a waiver of any claim of Confidential Information as to any information contained in such filing. Any redacted version may be challenged in accordance with the procedures set forth in Paragraph 13 to this Protective Order.

19. Nothing in this Protective Order shall limit or affect the right of a Designator to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information.

20. Nothing in this Protective Order shall limit or affect the right of the United States to make a confidentiality determination under 40 C.F.R. Part 2, Subpart B for information designated as confidential by Louisiana Generating or any non-Party.

21. Within sixty (60) days after the conclusion of this Action, i.e., after there is a final judgment no longer subject to appeal, all Confidential Information shall be returned to the Designator, or destroyed, except that the United States shall retain Confidential Information as may be necessary to comply with applicable law (including, but not limited to, the Federal Records Act and FOIA). If the United States elects to destroy rather than return any Confidential Information to Louisiana Generating, it shall provide Louisiana Generating with a certificate of destruction signed by the person destroying the documents designating the documents destroyed

and the date of destruction. If any Party retains Confidential Information following the conclusion of this Action, it shall continue to be subject to this Protective Order so long as it retains such Confidential Information. All Confidential Information that the United States may retain beyond sixty (60) days following the conclusion of this Action pursuant to applicable law shall be retained in a closed box or other receptacle and contain the following notice:

### **CONFIDENTIAL**

> This box [or other receptacle] contains documents that are subject to a Protective Order entered by the Court in the civil action <u>United States v. Louisiana Generating</u>, Civil Action No. 09-100-RET-CN, filed in the United States District Court for the Middle District of Louisiana, which Protective Order governs the use of Confidential Information. This box [or other receptacle] shall not be opened or the contents thereof disclosed other than in accordance with said Protective Order or upon motion to the Court.

22. Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Party they represent and by those acting on its behalf.

SO STIPULATED:

s/ Richard M. Gladstein
Richard M. Gladstein
Jeffrey M. Prieto
Environmental Enforcement Section
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-1711

            <u>s/ Kent Mayo (with permission)</u>
            William Bumpers
            Kent Mayo
            Megan Berge
            Baker Botts, LLP
            The Warner
            1299 Pennsylvania Avenue, N.W.
            Washington, D.C.  20004-2400
            (202) 639-7700

Signed in Baton Rouge, Louisiana, on August 25, 2009.

            **MAGISTRATE JUDGE CHRISTINE NOLAND**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIVIL ACTION** |
|  | ) | No. 09-100-RET-CN |
| **LOUISIANA GENERATING, LLC** | ) | |
| **Defendant.** | ) | |

**CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order Regarding Confidential Information and Documents entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order, and any amendments thereto as if fully set forth herein, including, without limitation, that I shall not use Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said Confidential Information, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Confidential Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information that have not previously been destroyed by me and

1

certify to such Counsel that all Confidential Information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Confidential Information for any purpose not permitted by the Protective Order; and, that I shall not provide Confidential Information to anyone else who has not executed this Agreement or who, pursuant to paragraph 6 of the Protective Order, is not entitled to receive Confidential Information without executing this Agreement.  I further understand that I shall remain bound by the Protective Order after the conclusion of this Action unless otherwise ordered by the Court.  I understand that violation of this Protective Order may constitute contempt of a Court Order.

Dated:                                      Signature:
                                            Name:
                                            Address: