UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil Action No. 09-100-RET-CN |
| v. | ) |
| LOUISIANA GENERATING LLC, | ) |
| Defendant. | ) |

**AMENDED STIPULATION REGARDING PRESERVATION, REVIEW AND PRODUCTION OF CERTAIN ELECTRONICALLY STORED INFORMATION AND PRIVILEGED MATERIALS**

WHEREAS, the United States, the Louisiana Department of Environmental Quality ("LDEQ"), and Louisiana Generating LLC (collectively, the "Parties") are engaged in litigation in the above-captioned matter;

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information ("ESI") and privileged materials, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials;

NOW THEREFORE, the Parties stipulate as follows:

1. <u>Preservation Not Required for Not Reasonably Accessible ESI</u>.

    a. The Parties agree that, except as provided in subparagraph b, the Parties need not preserve the following categories of ESI for this litigation:

        i. Data duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy;

      ii.      Voicemail messages;

      iii.     Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging;

      iv.     Electronic mail or pin to pin messages sent to or from a Personal Digital Assistant (e.g., BlackBerry Handheld) provided that a copy of such mail is routinely saved elsewhere;

      v.      Other electronic data stored on a Personal Digital Assistant, such as calendar or contract data or notes, provided that a copy of such information is routinely saved elsewhere;

      vi.     Logs of calls made from cellular phones;

      vii.    Deleted computer files, whether fragmented or whole;

      viii.   Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

      ix.     Server, system or network logs; and

      x.      Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report;

    b.    Notwithstanding subparagraph a, if on the date of this agreement any Party has a policy established by management that results in the routine preservation of any of the categories of ESI identified in subparagraph a, such Party shall continue to preserve information that was preserved in accordance with that policy, even if the Party subsequently changes its policy so that such information will no longer be routinely preserved in the future. However, the Parties shall have no obligation, in response to general discovery requests, to search for, produce, or create privilege logs for ESI covered by this subparagraph b.

    2.    <u>Obligations Related to "Draft" Documents and "Non-Identical" Documents</u>. For the purposes of preserving potentially discoverable material in this litigation, and for purposes of discovery in this litigation, the Parties agree that a "draft" document, regardless of whether it is in an electronic or hard copy form, shall mean, "a version of a document shared by the author with another person (by email, print, or otherwise)." In addition, a "non-identical" document is one that shows at least one facial change such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes.

The Parties agree that they need not preserve for discovery a document before and after every change made to it, so long as "draft" documents, as defined by this paragraph, are preserved. The Parties further agree that they shall preserve any presently existing "non-identical" documents that are relevant to the subject matter involved in this action. A document that is identical on its face to another document, but has small detectable differences in the metadata, shall be considered an identical copy.

3. No Discovery of Material Not Required To Be Preserved. The Parties agree not to seek discovery of items that need not be preserved pursuant to paragraphs 1-2, above. If any discovery request is susceptible of a construction which calls for the production of items that need not be preserved pursuant to paragraphs 1-2, such items need not be provided or identified on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

4. Preservation Does Not Affect Discoverability or Claims of Privilege. The Parties agree that by preserving information for the purpose of this litigation, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege. Except as provided in paragraph 3, above, nothing in this stipulation shall alter the obligations of the Parties to provide a privilege log for material withheld under a claim of privilege.

5. Other Preservation Obligations Not Affected. Nothing in this agreement shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

6. No Duty to Collect and Produce ESI in Response to General Discovery Requests. The Parties agree that there is no obligation to search for and produce ESI in response to the Parties' general discovery requests, nor to identify on a privilege log ESI that may be responsive to such requests. However, the Parties shall be obligated to search for and produce reasonably accessible ESI in response to reasonable requests for production that expressly seek ESI, and to identify on a privilege log any such ESI sought to be withheld on privilege grounds in response to such reasonable requests for production.

7. Privileged Materials Located in the Offices of Counsel for the Parties. The Parties agree that, in response to general discovery requests, the Parties need not search for and produce, nor create a privilege log for, any privileged material which is located in the offices of counsel for the parties at the Department of Justice, EPA, LDEQ, Louisiana Generating LLC,

Baker Botts L.L.P., or Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP. However, the Parties shall be obligated to search for documents located in the offices of counsel for the Parties at EPA, LDEQ, and Louisiana Generating LLC in response to reasonable requests for production that expressly seek documents from those offices, and to identify on a privilege log any documents sought to be withheld on privilege grounds in response to such reasonable requests for production.

      8.    <u>Effect of Inadvertent Production of Documents</u>.  Consistent with Federal Rule of Evidence 502, the inadvertent production of documents in connection with the litigation before this Court shall not waive any privilege that would otherwise attach to the documents produced in this litigation. In addition, to the fullest extent authorized by Federal Rule of Evidence 502(d), any applicable work-product protection or attorney-client privilege is not waived as to anyone who is not a Party to this action by disclosure connected with this action. The following procedure shall apply to any such claim of inadvertent production:

      a.    Upon learning of the inadvertent production, the producing Party shall promptly give all counsel of record notice of the inadvertent production. The notice shall identify the document, the portions of the document that were inadvertently produced, and the first date the document was produced. If the Party that produced a document claims that only a portion of the document was inadvertently produced, the Party shall provide with the notice of inadvertent production a new copy of the document with the allegedly privileged portions redacted.

      b.    Upon receiving notice of inadvertent production, or upon determining that a document received is known to be privileged, the receiving Party must promptly return, sequester or destroy the specified information and any copies it has, and shall destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged information. The receiving Party may not use or disclose the information until the claim is resolved. If the receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

      c.    A Party receiving documents produced by another Party is under a good faith obligation to promptly alert the producing Party if a document appears on its face or in light of facts known to the receiving Party to be privileged.

      d.    To the extent that any Party obtains any information, documents, or communications through inadvertent disclosure, such information, documents and

communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in *United States v. Louisiana Generating LLC,* Civil Action No. 09-100-RET-CN.

   e. In the event the receiving Party disputes the assertion of privilege, the Parties shall meet and confer and the requesting Party shall either: (a) return the material to the producing Party for proper designation; or (b) present the information to the Court under seal for a determination as to whether the material is protected from disclosure.

  9. <u>Entire Agreement</u>.  This stipulation contains the entire agreement of the Parties relating to the subject matter of this stipulation, and no statement, promise, or inducement made by any Party to this stipulation that is not set forth in this stipulation shall be valid or binding, nor shall it be used in construing the terms of this stipulation.

  10. <u>Effective Upon Signing</u>.  This stipulation is effective upon execution by the Parties, without regard to filing with the Court, and may be signed in counterparts.

  11. <u>Definition of "Party"</u>:  For the purposes of this Agreement the term "Party" means:

   a. Louisiana Generating LLC, and its counsel, as well as any other person who possesses information within the custody and control of Louisiana Generating LLC;

   b. the United States Environmental Protection Agency, the United States Department of Justice, and any other person who possesses information within the custody and control of the United States Environmental Protection Agency or the United States Department of Justice.

   c. the Louisiana Department of Environmental Quality, and any other person who possesses information within the custody or control of the Louisiana Department of Environmental Quality.

  12. <u>Sanctions</u>.

   a. No Party shall seek sanctions pursuant to the Federal Rules of Civil Procedure, the contempt powers of the Court, or any other authority against the other Party for the failure to preserve electronic information that is not required to be maintained pursuant to paragraph 1;

   b. Nothing in this agreement shall give rise to a claim for sanctions for failure to preserve information prior to the effective date of this agreement.

13. <u>Meet and Confer Requirement</u>. The Parties agree that before filing any motion with the Court regarding electronic discovery or evidence, the Parties will meet and confer in a good faith attempt to resolve such disputes.

SO STIPULATED:

                                        s/ Kent Mayo\
                                        William Bumpers\
                                        Kent Mayo\
                                        Megan Berge\
                                        Baker Botts L.L.P.\
                                        The Warner\
                                        1299 Pennsylvania Avenue, N.W.\
                                        Washington, D.C. 20004-2400


                                        s/ Richard M. Gladstein (with permission)\
                                        Richard M. Gladstein\
                                        Jeffrey M. Prieto\
                                        Environmental Enforcement Section\
                                        Environment and Natural Resources Division\
                                        P.O. Box 7611\
                                        Washington, D.C. 20044-7611


                                        s/ Dwana Christy King (with permission)\
                                        Dwana Christy King\
                                        Christopher Alan Ratcliff\
                                        LA Dept of Environmental Quality\
                                        P.O. Box 4302\
                                        Baton Rouge, LA 70821-4302


Signed in Baton Rouge, Louisiana, on March 5, 2010.

                                        **MAGISTRATE JUDGE CHRISTINE NOLAND**