UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY <br><br> Plaintiff-Intervenor <br> v. <br><br> LOUISIANA GENERATING, LLC, <br><br> Defendant. | Civil Action No. 09-100-RET-CN |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT: THE BIG CAJUN II UNITS 1 AND 2 REHEATER REPLACEMENT PROJECTS DO NOT QUALIFY FOR THE ROUTINE MAINTENANCE, REPAIR OR REPLACEMENT EXCEPTION**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs hereby move for an order of partial summary judgment concluding that certain projects undertaken at Big Cajun II Units 1 and 2 cannot, as a matter of law, qualify for the regulatory routine maintenance exception under the Clean Air Act.

Defendant Louisiana Generating, LLC ("LaGen") owns and operates the Big Cajun II electric generating facility located in New Roads, Louisiana. Plaintiffs allege that the replacements of major boiler components at Big Cajun II Units 1 and 2 in 1998 and 1999 constituted illegal "modifications" under the Clean Air Act's Prevention of Significant Deterioration ("PSD") provisions, 42 U.S.C. §§ 7470–7479. LaGen argues that the Big Cajun II projects qualify for the regulatory exception for "routine maintenance, repair or replacement."

1

*See* 40 C.F.R. § 51.166(b)(2)(iii)(a); LAC 33:III.509.B. Considering the facts set forth in LaGen's own documents and by its own witnesses, LaGen cannot satisfy its burden to establish the projects qualify for this narrow regulatory exception.

To assess whether work performed at a facility qualifies for the routine maintenance exception, EPA makes a case-by-case determination by weighing the nature, extent, purpose, frequency, and cost of the work, as well as other relevant factors, to arrive at a common-sense finding. Here, a common-sense review of the undisputed facts reveals that the Big Cajun II projects involved considerable amounts of work undertaken only after years of careful analysis, were aimed not to maintain the plant's operations but to improve them, were neither frequent undertakings at the individual units nor prevalent within the established business practices of the entire electric industry, and were performed at a substantial cost to the plant.

WHEREFORE, there being no genuine issues as to any material fact, and for the reasons further set forth in the memorandum of support for this motion, Plaintiffs hereby move for an order of partial summary judgment concluding that the Big Cajun II projects at issue do not qualify for the routine maintenance exception.

    Respectfully submitted,

    /s/ Elias L. Quinn
    Richard M. Gladstein (DCN 362404)
    Trial Attorney
    Elias L. Quinn (CON 42159)
    David Dubay
    Andrew Hanson
    Bradford McLane
    Environmental Enforcement Section
    Environment and Natural Resources Division
    U.S. Department of Justice
    P.O. Box 7611, Ben Franklin Station
    Washington, D.C. 20044

2

Case 3:09-cv-00100-JJB-DLD   Document 132   02/04/11   Page 2 of 5

(202) 514-1711
(202) 616-7915
E-mail: Elias.Quinn@usdoj.gov

DAVID R. DUGAS
UNITED STATES ATTORNEY

/s/ John J. Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Email: john.gaupp@usdoj.gov

OF COUNSEL:

Ilana S. Saltzbart
Attorney-Advisor
Air Enforcement Division
U.S. Environmental Protection Agency
1200 Pennsylvania, Ave., N.W.
Washington, D.C. 20460

Cheryl Barnett
Assistant Regional Counsel
U.S. EPA, Region 6
1445 Ross Avenue
Dallas, Texas   75202

HERMAN ROBINSON (LA #2077)
Executive Counsel
Louisiana Department of Environmental Quality

 /s/ Dwana King
Dwana King, Trial Attorney, LBA 20590
Christopher A. Ratcliff,
Attorney Supervisor, LBN 18675
Legal Division
State of Louisiana
Department of Environmental Quality
P.O. Box 4302
Baton Rouge, Louisiana  70821-4302
(225) 219-3985

## CERTIFICATE OF SERVICE

   I hereby certify that on February 4, 2011 a copy of the foregoing Partial Motion for Summary Judgment and Proposed Order was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system. I also certify that on February 4, 2011 copies of the foregoing were emailed to the following counsel of record, and compact discs containing this and related documents were mailed to them via FedEx.

R. Patrick Vance
Jones, Walker
201 St. Charles Ave.
New Orleans, LA 70170

Kent Mayo
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

Megan H. Berge
Baker Botts LLP
1299 Pennsylvania Avenue, NW.
Washington, DC 2004-2400

Ryan Estes Johnson
Jones, Walker – B.R.
8555 United Plaza Blvd., Suite 500
Baton Rouge, LA 70809-7000

Dwana C. King
Louisiana Department of Environmental Quality
602 North 5th Street
Baton Rouge, Louisiana 70802


             /s/ Elias L. Quinn
             Elias L. Quinn (Colo. Bar No. 42159)
             Environmental Enforcement Section
             Environment and Natural Resources Division
             U.S. Department of Justice
             P.O. Box 7611, Ben Franklin Station
             Washington, D.C. 20044
             Ph: (202) 514-2756
             Fax: (202) 514-0097
             E-mail: Elias.Quinn@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>LOUISIANA DEPARTMENT OF<br>ENVIRONMENTAL QUALITY<br><br>Plaintiff-Intervenor<br>v.<br><br>LOUISIANA GENERATING, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 09-100-RET-CN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Upon consideration of the Plaintiffs' Motion for Partial Summary Judgment: The Big Cajun II Units 1 and 2 Boiler Projects Do Not Qualify for the Routine Maintenance, Repair or Replacement Exception, and Plaintiffs' Memorandum in Support thereof,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment: The Big Cajun II Units 1 and 2 Boiler Projects Do Not Qualify for the Routine Maintenance, Repair or Replacement Exception is **GRANTED**.

Baton Rouge, Louisiana, this ___ day of _____, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

5

Case 3:09-cv-00100-JJB-DLD   Document 132   02/04/11   Page 5 of 5