UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>LOUISIANA DEPARTMENT OF<br>ENVIRONMENTAL QUALITY<br><br>Plaintiff-Intervenor<br>v.<br><br>LOUISIANA GENERATING, LLC,<br><br>Defendant. | Civil Action No. 09-100-RET-CN |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT:
THE APPLICABLE LEGAL TEST FOR THE ROUTINE MAINTENANCE, REPAIR
OR REPLACEMENT EXCEPTION**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs hereby move for partial summary judgment regarding the applicable legal test to be applied when analyzing whether projects undertaken at Big Cajun II Units 1 and 2 qualify for the narrow regulatory exception for routine maintenance, repair or replacement under the Clean Air Act.

The Clean Air Act's Prevention of Significant Deterioration ("PSD") program requires new sources of air pollution, and existing sources that are modified, to undergo a comprehensive review process prior to construction or modification. *See* 42 U.S.C. §§ 7479(2)(C), 7411(a). However, EPA and Louisiana Department of Environmental Quality regulations exempt activities that constitute "routine maintenance, repair or replacement" from triggering PSD review. *See* 40 C.F.R. § 51.166(b)(2)(iii)(a); LAC 33:III.509.B.

1

Authoritative EPA interpretation has long made clear that, to assess whether work performed at a facility qualifies for the routine maintenance exception, EPA makes a case-by-case determination by weighing the nature, extent, purpose, frequency, and cost of the work, as well as other relevant factors, to arrive at a common-sense finding. *See*, *e.g.*, Memo from Don Clay, Acting EPA Ass't Adm'r (Sept. 9, 1988) at 3; *see also Wis. Elec. Power Co. v. Reilly* (*WEPCo*), 893 F.2d 901, 910 (7th Cir. 1990). LaGen agrees with the form but not the substance of this test. Under its approach, LaGen would shift its burden of proof under the exemption to Plaintiffs, erode the deference due to EPA's reasonable interpretation of its own regulations, and distort the common-sense, case-by-case nature of the routine maintenance assessment by focusing instead on the mere occurrence of similarly massive, once-in-a-lifetime capital improvements at other plants in the industry. As such, Plaintiffs seek an order establishing (1) that LaGen bears the burdens of production and persuasion with regard to the routine maintenance exception; (2) that EPA's interpretation of its own regulations, which applies the routine maintenance exception only to *de minimis* activities, should be afforded substantial deference; and (3) that whether a project is "routine" should be determined relative to typical individual generating units and not the business practices of the entire electric generating industry.

WHEREFORE, there being no genuine issues as to any material fact, and for the reasons further set forth in the memorandum of support for this motion, Plaintiffs hereby move for an order of partial summary judgment setting forth the applicable legal test for assessing Louisiana Generating's claim to the benefit of the routine maintenance, repair or replacement exception.

Respectfully submitted,

/s/ Elias L. Quinn
Richard M. Gladstein (DCN 362404)
Trial Attorney
Elias L. Quinn (CON 42159)
David Dubay
Andrew Hanson
Bradford McLane
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 514-1711
(202) 616-7915
E-mail: Elias.Quinn@usdoj.gov

DAVID R. DUGAS
UNITED STATES ATTORNEY

/s/ John J. Gaupp
JOHN J. GAUPP, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Email: john.gaupp@usdoj.gov

OF COUNSEL:

Ilana S. Saltzbart
Attorney-Advisor
Air Enforcement Division
U.S. Environmental Protection Agency
1200 Pennsylvania, Ave., N.W.
Washington, D.C. 20460

Cheryl Barnett
Assistant Regional Counsel
U.S. EPA, Region 6
1445 Ross Avenue
Dallas, Texas 75202

HERMAN ROBINSON (LA #2077)
Executive Counsel
Louisiana Department of Environmental Quality

 /s/ Dwana King
Dwana King, Trial Attorney, LBA 20590
Christopher A. Ratcliff,
Attorney Supervisor, LBN 18675
Legal Division
State of Louisiana
Department of Environmental Quality
P.O. Box 4302
Baton Rouge, Louisiana  70821-4302
(225) 219-3985

## CERTIFICATE OF SERVICE

       I hereby certify that on February 4, 2011 a copy of the foregoing Partial Motion for Summary Judgment and Proposed Order was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system. I also certify that on February 4, 2011 copies of the foregoing were emailed to the following counsel of record, and compact discs containing this and related documents were mailed to them via FedEx.

R. Patrick Vance
Jones, Walker
201 St. Charles Ave.
New Orleans, LA 70170

Kent Mayo
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

Megan H. Berge
Baker Botts LLP
1299 Pennsylvania Avenue, NW.
Washington, DC 2004-2400

Ryan Estes Johnson
Jones, Walker – B.R.
8555 United Plaza Blvd., Suite 500
Baton Rouge, LA 70809-7000

Dwana C. King
Louisiana Department of Environmental Quality
602 North 5th Street
Baton Rouge, Louisiana 70802


                              /s/ Elias L. Quinn
                              Elias L. Quinn (Colo. Bar No. 42159)
                              Environmental Enforcement Section
                              Environment and Natural Resources Division
                              U.S. Department of Justice
                              P.O. Box 7611, Ben Franklin Station
                              Washington, D.C. 20044
                              Ph: (202) 514-2756
                              Fax: (202) 514-0097
                              E-mail: Elias.Quinn@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>LOUISIANA DEPARTMENT OF )<br>ENVIRONMENTAL QUALITY )<br>)<br>Plaintiff-Intervenor )<br>v. )<br>)<br>LOUISIANA GENERATING, LLC, )<br>)<br>Defendant. ) | Civil Action No. 09-100-RET-CN |

## **ORDER**

Upon consideration of the Plaintiffs' Motion for Partial Summary Judgment: The Applicable Legal Test for the Routine Maintenance, Repair or Replacement Exception, and Plaintiffs' Memorandum in Support thereof, and for good cause shown,

**IT IS ORDERED** that the Plaintiffs' Motion for Partial Summary Judgment: The Applicable Legal Test for the Routine Maintenance, Repair or Replacement Exception is **GRANTED**. Specifically, (1) Louisiana Generating, Inc., bears the burdens of production and persuasion with regard to whether its projects qualify for the routine maintenance exception; (2) EPA's interpretation of its own regulations, which applies the routine maintenance exception only to *de minimis* activities, shall be afforded substantial deference; and (3) whether a project is "routine" shall be determined relative to typical individual generating units and not the business practices of the entire electric generating industry.

6

Baton Rouge, Louisiana, this ___ day of _____, 2011.

                                              _____
                                              UNITED STATES DISTRICT COURT JUDGE