_____

|  |  |
|---|---|
| )<br>UNITED STATES OF AMERICA )<br>)<br>**Plaintiff** )<br>)<br>LOUISIANA DEPARTMENT OF )<br>ENVIRONMENTAL QUALITY, )<br>)<br>**Plaintiff-Intervenor,** )<br>)<br>**v.** )<br>)<br>LOUISIANA GENERATING, LLC, )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 09-CV-100-JJB-DD |

## PLAINTIFF, THE UNITED STATES OF AMERICA'S, OPPOSITION TO DEFENDANT'S MOTIONS TO AMEND SUMMARY JUDGMENT RULING TO CERTIFY IT FOR INTERLOCUTORY APPEAL AND MOTION FOR STAY

Only a few hours after the Court denied Defendant's motion to reconsider the opinion granting summary judgment on the routine maintenance defense ("Opinion"), Doc. 344, Defendant has filed another lengthy motion and brief attacking the Opinion. Doc. 345. Defendant's new motion requests the Court to certify the Opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay the case pending appeal. Defendant rehashes the same arguments that the Court has rejected twice this week. *See* Doc. 332, Doc. 344. Repeating these arguments is not grounds for an appeal and stay on the eve of trial. The harm to public health from a stay would be substantial: the Clean Air Act violations to be decided by the jury concern the largest source of air pollution in Louisiana. Illegal pollution will continue until the resolution of this matter. Plaintiff, the United States of America, therefore respectfully requests that the Court deny Defendant's motion.

1

## STANDARD OF REVIEW

Because "the basic rule of appellate jurisdiction restricts review to final judgments . . .

Section 1292(b) appeals are exceptional." *Clark-Dietz & Assocs.-Engrs., Inc. v. Basic

Construction Co.*, 702 F.2d 67, 69 (5th Cir. 1983).  "To certify an interlocutory appeal under §

1292(b), the court must find that the order (1) involves a controlling question of law, (2) as to

which there is substantial ground for difference of opinion, and (3) that an immediate appeal may

materially advance the ultimate termination of the litigation." *Camsoft Data Sys., Inc. v. S.*

*Elecs. Supply, Inc.*, No. 09-1047-JJB, 2011 WL 2637001, at *1 (M.D. La. July 6, 2011).  While

failure to meet any of these requirements bars an interlocutory appeal, none of them are met here.

## ARGUMENT

### I.      LaGen Cannot Point to a Controlling Question of Law Where the Court Adopted LaGen's Proposed Legal Standard

Defendant fails to identify a "controlling question of law" for this Court to certify for

interlocutory appeal.  28 U.S.C. § 1292(b).  Indeed, Defendant *cannot* articulate a controlling

question of law for appeal because the Opinion adopted Defendant's legal standard for

determining the routine maintenance defense (also referred to as the RMRR exception).  *See*

Opinion, Doc. 332 at 7 (adopting proposed legal standard from the *WEPCO* and *Duke IV*

decisions).  As there is no disagreement on the principle question of law, Defendant only asks the

Court to certify that the statutory elements of Section 1292(b) have been met.  *See* Doc. 345-1 at

16.  That is an inadequate showing.  *See, e.g.*, *Linton v. Shell Oil Co.*, 563 F.3d 556, 558 (5th Cir.

2009) ("[W]e strongly suggest to district judges the advisability of stating more than . . . a bare

finding that the statutory requirements of section 1292(b) have been met.").  What the Defendant

wants to appeal is merely the Court's determination that no genuine issue of material fact exists

2

for trial.  *See, e.g.*, Doc. 345-1 at 2, 4-5 (criticizing the Court's "application" of the routine

maintenance exception).  But the Fifth Circuit has made clear that "[t]he underlying issue of

whether . . . [a party] has presented sufficient evidence to show a 'genuine issue [of] . . . material

fact, and thus avoid summary judgment under Fed. R. Civ. P. 56(c), is not a question of law

within the meaning of 1292(b)."  *Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 136 (5th Cir.

2004).  *See also, e.g.*, *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications,*

*Inc.*, 572 F. Supp.2d 809, 811 (W.D. Tex. 2008) ("The Fifth Circuit requires that the question of

law be a *pure* question of law; permissive interlocutory appeals are not proper for determinations

that involve applications of law to fact.") (emphasis in original).

## II.    There are No "Substantial Grounds for Difference of Opinion" on Any Controlling Question of Law in the Opinion

 "Mere disagreement, even if vehement, with a ruling does not establish substantial ground

for difference of opinion."  *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182

(M.D. La. 2011).  Nothing in Defendant's brief suggests a controlling legal principle over which

courts disagree.  Rather, Defendant's brief is a rehash of its prior arguments that:  (1) courts must

deny summary judgment on the routine maintenance defense, and (2) that this Court should have

blindly deferred to the "apples-and-oranges" analysis of Defendant's expert, Mr. Jerry Golden,

who concluded that the $4.5 million projects at issue were "routine" by comparing them to much

smaller $100,000 projects.  *Compare, e.g.*, Opinion, Doc. 332 at 17-18 (rejecting Mr. Golden's

analysis as failing to raise a genuine issue for any reasonable juror), *with* 345-1 at 6-12 (arguing

Mr. Golden's points), *and* Doc. 337 (same)*, and* Doc. 158-2 (same).  Despite Defendant's

arguments to the contrary, "[i]nterlocutory appeals . . . assuredly do not lie simply to determine

the correctness of a ruling . . . ." *Gulf Coast Facilities Mgmt., LLC* v. *BG LNG Servs., LLC,* 730

F. Supp. 2d 552, 565 (E.D. La. 2010).[1]

Whether resolved administratively, on summary judgment, or at trial, the case law reveals

that EPA has consistently prevailed on the routine maintenance defense against the utility

industry. In the *WEPCO* decision, for example, the Seventh Circuit rejected a utility appeal and

affirmed EPA's determination that several projects at a coal-fired power plant failed to qualify as

routine maintenance. *Wis. Elec. Power Co. v. Reilly (WEPCO)*, 893 F.2d 901 (7th Cir. 1990).

The court in *Cinergy* granted EPA's motion for summary judgment on the routine maintenance

defense for numerous claims at coal-fired power plants, despite the fact that the defendant in that

case, as here, asserted that a report prepared by Mr. Golden precluded summary judgment.

*United States v. Cinergy Corp.*, 495 F. Supp. 2d 909, 911-948 (S.D. Ind. 2007). *See also Sierra*

*Club v. Morgan*, No. 07-C-251-S, 2007 WL 3287850, at \*10 (W.D. Wis. Nov. 7, 2007) (granting

summary judgment in citizen suit on routine maintenance); Doc. 339, at 2 (distinguishing *TVA*

citizen suit case cited by Defendant). While LaGen repeatedly cites *Ohio Edison*, the Court there

ultimately rejected the routine maintenance defense for the eleven claims at issue. *United States*

*v. Ohio Edison Co.*, 276 F. Supp. 2d 829, 861 (S.D. Ohio 2003). Even when the routine

maintenance defense has gone to a jury, EPA has prevailed. *See Cinergy* Special Verdict Form

(Ex. 1). The consistent results obtained by EPA confirm the Court's holding that "no reasonable

juror" could conclude that the large multi-million dollar projects at issue were "routine." Doc.

332, at 19-20. "[S]imply because . . . counsel disagrees on applicable precedent does not qualify

the issue as one over which there is substantial disagreement." *Gulf Coast Facilities Mgmt.,*

*LLC*, 730 F. Supp.2d at 566 (internal quotation marks and citation omitted).

---

[1] In a lengthy footnote, Defendant announces its intention to circumvent the Court's Opinion and introduce all of its routine maintenance evidence on another theory of admissibility. Doc. 345-1 n.1. That strategy will be addressed in pending motions in limine.

### III. An Interlocutory Appeal on the Routine Maintenance Defense Fails to Materially Advance the Termination of the Litigation

Trial starts in a matter of weeks on Plaintiffs' claims. To reach this point, the Court devoted more than three years to overseeing the litigation of this complex Clean Air Act matter. "Allowing [D]efendant[ ] to file an interlocutory appeal with regard to one legal issue … on the eve of trial will impede, rather than materially advance, the ultimate termination of this litigation." *Pablo v. Servicemaster Global Holdings, Inc.*, No. C 08–03894 SI, 2011 WL 3678824, at *1 (N.D. Cal. Aug. 22, 2011) (citing, *inter alia*, *Edwards v. Cass County, Tex.*, 919 F.2d 273, 276 (5th Cir. 1990)).

### IV. A Stay Would be Highly Detrimental

LaGen seeks a stay merely based on the time and expense of having to go through the upcoming two week jury trial because the Company thinks the Fifth Circuit would reverse this Court. Doc. 345-1 at 13-15. "Irreparable harm is 'greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings] before challenging interlocutory orders it considers erroneous.'" *Sherri A.D. v. Kirby*, 975 F.2d 193, 209 n. 15 (5th Cir. 1992) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378-379 n.13 (1981)) (alteration in original). LaGen is a division of NRG, soon to be the largest competitive power generation company in America. *See* NRG Energy, Inc., NRG and GenOn to Merge; Creating Largest Competitive Power Generation Company in the United States (July 22, 2012) (Ex. 2). Just last month, NRG reported over $500 million in quarterly earnings. *See* NRG Energy, Inc. Reports Second Quarter 2012 Results (Aug. 8, 2012) (Ex. 3). It can afford a two week trial.

While LaGen argues that "EPA has no legitimate argument" against a stay, Doc. 345-1 at 15, the company ignores the ongoing, substantial harm to public health and the environment from the alleged violations of the Clean Air Act to be decided by the jury. The Big Cajun II

plant is the largest source of air pollution in Louisiana. The alleged violations contribute to poor air quality and impact public health. *See, e.g.*, Expert Report of Dr. Nicholas Z. Muller, at 2 (Aug. 31, 2012) ("This report analyzes the impacts on public health from emissions of sulfur dioxide ($SO_2$) and nitrogen oxides (NOx) produced by Units 1 and 2 at the Big Cajun 2 power plant in New Roads, Louisiana. The analysis focuses on the portion of the emissions produced due to the failure to install modern air pollution abatement technology, which the United States alleges to be a violation of the Clean Air Act. These illegal emissions at Big Cajun 2 resulted in *hundreds of premature deaths and numerous cases of chronic illnesses*.") (Excerpt at Ex. 4) (emphasis added).

Seven years ago, EPA notified LaGen of these violations. It could have complied. Instead, it chose to litigate and demanded a jury. That is certainly within LaGen's rights. But having chosen that path, Defendant cannot now indefinitely delay the resolution of this matter through repeated motions to reconsider, piecemeal appeals, and open-ended commitments to "continue discussions" in settlement. Doc. 346 at 4, ¶ 12. The latest round of motions should be denied.

Dated: September 21, 2012

Respectfully submitted,


/s/ Justin Savage
Richard M. Gladstein (DCN 362404)
Trial Counsel
James A. Lofton
Justin A. Savage
Elias Quinn
Bradford T. McLane
Andrew Hanson
Jennifer Lukas-Jackson
Environmental Enforcement Section
Environment and Natural Resources Division

U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044
(202) 514-1711
(202) 616-7915
E-mail: Richard.Gladstein@usdoj.gov

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

/s/ John J. Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Email: john.gaupp@usdoj.gov

OF COUNSEL:
Melanie Shephardson
Attorney –Advisor
Air Enforcement Division
U.S. Environmental Protection Agency
1200 Pennsylvania, Ave., N.W.
Washington, D.C. 20460

Andera Carrillo
Assistant Regional Counsel
U.S. EPA, Region 6
1445 Ross Avenue
Dallas, Texas   75202

7

## CERTIFICATE OF SERVICE

       I hereby certify that on September 21, 2012 copies of the foregoing Opposition was electronically filed via the ECF System and emailed to counsel of record via that system.


                     /s/ Justin Savage
                     Justin A. Savage