UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>LOUISIANA DEPARTMENT OF )<br>ENVIRONMENTAL QUALITY, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>LOUISIANA GENERATING LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 09-CV-100-JJB-DD |

**LOUISIANA GENERATING LLC'S OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ON THE COSTS OF COMPLYING
WITH THE CLEAN AIR ACT AT THE LIABILITY TRIAL**

Defendant Louisiana Generating LLC ("LaGen") files this opposition to Plaintiffs United States of America's and Louisiana Department of Environmental Quality's ("LDEQ") (collectively, "Plaintiffs") motion *in limine* (Doc. No. 313-1) (the "Motion") to exclude evidence at the liability trial related to the costs of complying with the Clean Air Act. Plaintiffs' Motion is premature, vague and overly broad. Because Plaintiffs have not raised any specific, valid objections capable of resolution prior to trial, Plaintiffs' Motion should be denied.

**LEGAL BACKGROUND**

Evidence should not be excluded *in limine* unless it is "clearly inadmissible on all potential grounds." *See Fair v. Allen*, Civil Action No. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); *Looney Ricks Kiss Architects, Inc. v. Bryan*, Civil Action No. 07-572, 2010

WL 5174430, at *1 (W.D. La. Dec. 15, 2010). It is "well settled" that motions in limine to exclude evidence before trial are disfavored. *Auenson v. Lewis*, Civ. A. No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) ("Such evidentiary rulings should be reserved until trial so that questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context."). This is a "high standard" that must be met by a party seeking to exclude certain evidence. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *In re Seroquel Products Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Courts have declined to exclude evidence absent "specific objections" to the admissibility of "any particular document." *See, e.g.*, *CadleRock Joint Venture, L.P. v. Royal Indem. Co.*, Case Nos. 02-16012, 02-16019, 02-16022, 2012 WL 511540, at *8 (N.D. Ohio Feb. 15, 2012) (finding that doing so is "to make evidentiary determinations in a vacuum"). *See also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (denying a "motion in *limine* lack[ing] the necessary specificity with respect to the evidence to be excluded or the purported reason for the introduction of such evidence").

## ARGUMENT

### I. PLAINTIFFS' MOTION IS PREMATURE

Plaintiffs' abbreviated request to preclude evidence on costs of compliance with environmental laws is premature because it cites absolutely no basis for the Court to address Plaintiffs' concern at this time. As explained further below, LaGen has not made statements or identified evidence up to this point in the case that would provide any legitimate reason to address Plaintiffs' arguments in a pre-trial motion. Such motions are disfavored because they

require the Court to decide the issues in a vacuum. The better course is to deny the current Motion and defer resolution of such issues until they arise at trial, if at all.

**II.     PLAINTIFFS' MOTION IS OVERLY BROAD**

Plaintiffs' Motion should also be denied because it is too broad and seeks to exclude documents and/or testimony that are beyond the scope of its purported concern. Plaintiffs' overreaching is evident in the testimony from the *Daubert* hearing that they seek to exclude. In that transcript, the only reference to "costs" was the witness's statement that Big Cajun II was operated to provide reliable, "low-cost" power. *See* Motion, Exhibit 1, pp. 3-5. This statement was no more than background information, made no reference to potential environmental obligations and had nothing to do with costs of compliance, yet Plaintiffs attempt to cast it as objectionable "cost" evidence. In addition, Plaintiffs identify only one exhibit of concern. Exhibit #335 is Plaintiffs' own document, an EPA memorandum to LDEQ addressing Title V and PSD permitting concerns arising from the proposed Big Cajun II Unit 4. Although Exhibit #335 contains passing references to "BACT" and controls being installed, neither of these documents provides any material discussion of the cost of compliance and that information is not the purpose for which the document would be introduced. These examples suggest that Plaintiffs seek to cast a wide net to preclude any tangential mention of compliance costs, or even any iteration of the term "cost." But such vague objections do not satisfy Plaintiffs' burden in a motion in limine to challenge with specificity the admissibility of particular documents and evidence. *See Mintel Int'l Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 682 n.1 (N.D. Ill. 2009) ("The party moving to exclude evidence *in limine* has the burden of establishing that the evidence is not admissible for any purpose.").

Plaintiffs have provided no basis here for the broad exclusion they seek, given that they have failed to demonstrate its application to any specific evidence. The better path forward is for Plaintiffs to raise a *specific* relevance objection at trial if LaGen seeks to offer an exhibit into evidence that Plaintiffs believe fall within the area of concern, when the parties and the Court can appreciate the context in which the evidence is being offered and identify simple solutions such as redacting problematic statements and/or providing a curative instruction to the jury. At this point, however, Plaintiffs' request for the exclusion of evidence before trial should be rejected.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion should be denied.

Dated: September 24, 2012            Respectfully submitted,

s/ David A. Super_____
David A. Super (admitted *pro hac vice*)
Kent Mayo (admitted *pro hac vice*)
Megan Berge (admitted *pro hac vice*)
Baker Botts L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
(202) 639-7700

- and -

s/ James P. Doré_____
James P. Doré (La. Bar No. 5021)
Alan J. Berteau (La. Bar No. 17915)
R. Benn Vincent, Jr. (La. Bar No. 28793)
Kean Miller, LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
(225) 387-0999
(225) 388-9133 (fax)
Jim.dore@keanmiller.com

**CERTIFICATE OF SERVICE**

      I certify that on this day, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system and that the following counsel of record will receive service through that system:

Richard M. Gladstein
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
202-514-1711
Email: richard.gladstein@usdoj.gov

John Joseph Gaupp
United States Attorney's Office - BR
Middle District of Louisiana
777 Florida Street, Suite 208
Baton Rouge, LA 70801
225-389-0443
Fax: 225-389-0685
Email: john.gaupp@usdoj.gov

Dwana Christy King
Christopher Alan Ratcliff
Louisiana Department of Environmental Quality
P.O. Box 4302
Baton Rouge, LA 70821-4302
225-219-3985
Fax: 219-4068
Email: dwana.king@la.gov
Email: chris.ratcliff@la.gov

Washington, DC, this 24th day of September, 2012.

                                                /s/ Megan H. Berge
                                                Megan H. Berge
                                                Counsel for Louisiana Generating LLC