UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

LOUISIANA GENERATING LLC

CIVIL ACTION

NO. 09-100-JJB

**RULING**

This matter is before the court on a Motion to Amend Summary Judgment Ruling to Certify it for Interlocutory Appeal pursuant 28 U.S.C. § 1292(b) and Motion for Stay Pending Appeal (Doc. 345), filed by Louisiana Generating LLC ("LaGen"). Plaintiff, United States of America, filed an Opposition to the Motions (Doc. 348) and Plaintiff-Intervenor Louisiana Department of Environmental Quality (LDEQ) filed a response not in opposition (Doc. 347). LaGen filed a reply (Doc. 366). Oral argument is not necessary.

LaGen asks the Court to amend this Court's Ruling ("the Ruling") that Cajun Electric's Primary Reheater Replacement Projects are not RMRR (Doc. 332), to permit immediate interlocutory appeal. The Ruling addressed two partial motions for summary judgment and a motion for summary judgment. LaGen further asks that, were the Court to grant its Motion and amend the Ruling to permit immediate interlocutory appeal, the Court grant a stay of further proceedings in this matter pending resolution of the interlocutory appeal by the Fifth Circuit.

Section 1292(b) certification is appropriate when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Fifth Circuit strictly construes the requirements of Section 1292(b). *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). Interlocutory

1

appeals under Section 1292(b) are only granted in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

"Although the resolution of an issue need not necessarily terminate an action in order to be controlling, it is clear that a question of law is controlling if reversal of the order would terminate the action." *Tesco v. Weatherford Intern., Inc.*, 722 F. Supp. 2d 755, 766 (S.D.Tex. 2010) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir.1990). "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings." *Tesco*, 722 F. Supp. 2d at 766. Whether an issue of law is controlling usually "hinges upon its potential to have some impact on the course of the litigation." *Id.*

LaGen's claim regarding the controlling issue of law prong is that the Ruling "decided the controlling legal question of how properly to interpret and apply the RMRR exception in the summary judgment context." LaGen argues that the issue is controlling, since "[i]f the jury were to find that the RMRR exception applies, it would be a complete defense to liability in this case." This argument is affiliated with LaGen's argument that the RMRR exception issue is not appropriate for summary judgment and should be decided by a jury.

Assuming, without deciding, that the issue is a controlling one, the Court finds that LaGen fails to show a substantial ground for difference of opinion or that immediate appeal from the Ruling may materially advance the ultimate termination of the litigation. Therefore, certification for interlocutory appeal is unwarranted.

A substantial ground for difference of opinion "usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order." *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182–83 (M.D.La. 2011). "An interlocutory appeal

Case 3:09-cv-00100-JJB-DLD   Document 387   10/02/12   Page 2 of 5

assuredly does not lie simply to determine the correctness of a judgment." *Clark–Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Disagreement with the district court's ruling is insufficient to establish a substantial ground for a difference of opinion. *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D.Tex. 2006).

LaGen generally argues that "substantial ground for difference of opinion exists concerning the [Ruling]'s interpretation and application of the legal standard for applying the RMRR exception because the [Ruling]'s approach differs starkly from that of other courts in several material aspects." LaGen asserts three specific arguments as to why a substantial ground for difference of opinion exists: (1) the Ruling concluded that evidence of work done at the units in question is "much more relevant" than work done across the industry; (2) the Ruling determined that frequency of similar work at particular units would be given "more weight" than the overall number of similar projects across the industry; and (3) the Opinion differs from analogous district court decisions by attaching legally dispositive weight to particular facts without regard to context.

Each of LaGen's three specific arguments regarding substantial ground for difference of opinion are insufficient to meet this prong of Section 1292(b). LaGen's first two arguments are minor points and are not significant enough to create a substantial ground for difference of opinion. LaGen's third argument, that this Court attached legally dispositive weight to particular facts, while other courts have not, also does not satisfy the standard. LaGen elaborates on this third argument by claiming other courts "recognized that under the applicable legal standard, the jury should be allowed to conduct the required fact-intensive analysis by weighing competing evidence and drawing all reasonable inferences from it." The cases cited by LaGen, however, do not state that the RMRR inquiry cannot be decided on summary judgment. *Nat'l Parks*

*Conservation Ass'n v. Tenn. Valley Auth. (TVA I)*, 618 F. Supp. 2d 815 (E.D.Tenn. 2009); *United States v. S. Ind. Gas & Elec. Co. (SIGECO)*, No. IP 99-1692-C-M/F, 2003 U.S. Dist. WL 21024595, at *3 (S.D.Ind. Apr. 17, 2003); *United States v. Ohio Edison*, No. 2:99-CV-1181, 2003 U.S. Dist. LEXIS 25464, at *48 (S.D.Ohio Jan. 22, 2003). Rather, these Courts held the summary judgment standard had not been met due to fact disputes that existed in *the specific case at hand*. *See TVAI*, 618 F. Supp. 2d at 827 ("[T]he Court finds that neither side has established as a matter of law the applicability or non-applicability of the RMRR exclusion *given the specific facts in this case*.") (emphasis added); *SIGECO*, 2003 WL 21024595, at *3 (finding summary judgment "inappropriate" due to genuine issues of material fact about a significant factor in that case); *Ohio Edison*, 2003 LEXIS 25464, at *48 (Denying summary judgment due to the presence in the record of genuine issues of material fact). This Court similarly followed the law governing summary judgment. The fact that this Court found summary judgment was appropriate, based on the specifics of this case, does not create a substantial ground for difference of opinion. It just shows that the situation at hand in this case differed from that of the cases addressed by LaGen and cited above.

LaGen's argument that an immediate appeal may materially advance the ultimate termination of the litigation similarly does not meet the standard provided by Section 1292(b). Other potentially dispositive issues remain for trial. Therefore, it is the opinion of the Court that an immediate appeal will not materially advance the ultimate termination of this litigation.

LaGen is required to meet all three prongs of Section 1292(b) for the court to grant certification. LaGen fails to satisfy at least two of the three prongs. Certification therefore cannot be granted in this case. As such, a stay is unnecessary.

4

Case 3:09-cv-00100-JJB-DLD   Document 387   10/02/12   Page 4 of 5

Accordingly, Louisiana Generating LLC's Motion to Amend Summary Judgment Ruling to Certify it for Interlocutory Appeal pursuant 28 U.S.C. § 1292(b) and Motion for Stay Pending Appeal (Doc. 345) are DENIED.

Signed in Baton Rouge, Louisiana, on October 1, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**