UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

LOUISIANA GENERATING, LLC

CIVIL ACTION

NO. 9-100-JJB

## RULING ON MOTIONS IN LIMINE

This matter is before the Court on Motions in Limine filed by the Plaintiff, United States of America, to exclude the testimony of Kenneth N. Weiss (Doc. 187), to exclude Louisiana Generating, LLC's ("LaGen") improper legal exhibits (Docs. 315 and 318), and to exclude exhibits that relate to the Court's prior summary judgment ruling on docket numbers 132, 133, and 140 (Doc. 324). LaGen filed oppositions to each motion (Docs. 209, 359, and 353, respectively) and the United States filed replies to opposition documents 209 and 359 (Docs. 212, 386). Oral argument is unnecessary.

I.

The Court first addresses the United States' Motion to exclude exhibits that relate to the Court's summary judgment ruling on document numbers 132, 133, and 140 ("the Ruling"). The Ruling held no reasonable jury could find that the primary reheater projects on Big Cajun II Units 1 and 2 constituted Routine Maintenance, Repair or Replacement ("RMRR"), which is an exception to the Prevention of Significant Deterioration of Air Quality ("PSD") provisions of the Clean Air Act ("CAA"). Doc. 332. The United States claims that 91 of LaGen's exhibits relate to the Ruling, and that based on the Ruling, these exhibits are irrelevant. LaGen claims that despite the Ruling, some evidence is relevant to both RMRR and successor liability.

1

This Court addressed successor liability in a prior summary judgment ruling. Doc. 260. The successor liability standard in this case is based on the Fifth Asset Purchase Agreement ("Fifth APA") between Cajun Electric and LaGen, in which LaGen purchased Big Cajun II Units 1 and 2 from Cajun Electric. Doc. 136-3. The Fifth APA states "Generating shall not assume or be liable for any liabilities of the Debtor other than the Assumed Liabilities and any Environmental Liabilities that attach to the owner of any of the Acquired Assets by operation of Law." *Id.* at 28. Environmental Liabilities are defined as "any known or reasonably expected liability or obligation . . . under any Environmental Law." *Id.* at 16. According to these provisions of the Fifth APA, the successor liability standard in this case is that LaGen "assumed any environmental liability that it knew about or reasonably expected at the time of the signing of the Fifth APA." Doc. 260. LaGen claims that under this standard, some RMRR evidence is relevant to successor liability, since it shows LaGen did not know about or reasonably expect the reheater projects to trigger PSD liability. LaGen further argues that it already removed over one hundred exhibits related to RMRR.

The language of the successor liability standard sets forth an alternative test, that LaGen "assumed any environmental liability that it knew about **or** *reasonably* expected at the time of the signing of the Fifth APA." Under the "reasonably expected" prong, LaGen will be, **at minimum**, held to the standard of a reasonable power company. The summary judgment Ruling held that no reasonable jury could find the primary reheater projects at issue in this case constituted RMRR. Doc. 332. Just as no reasonable jury could find the projects constitute RMRR, no reasonable power company could have thought that these projects would be considered RMRR. Accordingly, LaGen could not have reasonably expected for the RMRR exception to apply to the reheater projects. Any testimony, evidence, or assertion regarding

2

LaGen's expectations of the RMRR exception is excluded from trial, including the successor liability issue.

II.

The Court next addresses the United States' Motion to exclude the testimony of Kenneth N. Weiss. The United States' Motion to exclude Mr. Weiss' testimony addresses what the United States considers to be Mr. Weiss' impermissible legal opinions, including those on the RMRR exception to the CAA, on which this Court previously ruled. LaGen seeks to have Mr. Weiss testify regarding the RMRR exception and the determination of whether it applies, the consistency of Plaintiffs' experts' methodologies on emissions increases with EPA's approach during the relevant time period, and inconsistencies between EPA's litigation position in this case and EPA's historical interpretation and application of the PSD regulations. The United States argues that Mr. Weiss offers impermissible legal opinions concerning construction of the applicable CAA regulations, which is within the province of the Court, and that he has applied no technical or engineering expertise. LaGen responds that as a permit engineer for the past thirty-seven years, Mr. Weiss has developed an in-depth understanding of the Environmental Protection Agency's ("EPA") historical approach to the New Source Review ("NSR") program and how industry understood EPA to be publicly interpreting and applying the PSD regulations at the time of the reheater projects at issue in this case. LaGen argues that Mr. Weiss will offer opinions of Plaintiffs' experts' methodologies and their consistency with EPA's historical approach to the NSR program. LaGen further argues that Mr. Weiss's first-hand knowledge of EPA's historical application of PSD rules is relevant to his identifying and explaining

inconsistencies between the United States' litigation position and EPA's historical interpretation and application of the PSD regulations.

Mr. Weiss' testimony regarding any aspect of the RMRR exception, including its history and historical application, is excluded in accordance with this Court's prior rulings and the holding above that LaGen could not have reasonably expected for the RMRR exception to apply to the reheater projects. All other issues raised by the United States' Motion to exclude Mr. Weiss' testimony are deferred until trial.

III.

The Court now addresses the United States' Motion in Limine to exclude Louisiana Generating, LLC's improper legal exhibits. The United States' Motion to exclude LaGen's improper legal exhibits addresses LaGen's exhibits that are legal documents. With regard to exhibits addressed by the Motion that relate to RMRR, such exhibits are excluded in accordance with this Court's prior rulings and the holding above that LaGen could not have reasonably expected for the RMRR exception to apply to the reheater projects. With regard to exhibits addressed by the Motion that do not relate to RMRR, ruling is deferred until trial.

Accordingly, The United States' Motion in Limine to exclude the testimony of Kenneth N. Weiss (Doc. 187) is **GRANTED IN PART** as set forth herein, the United States' Motion in Limine to exclude Louisiana Generating, LLC's improper legal exhibits (Docs. 315 and 318) is **GRANTED IN PART** as set forth herein, and the United States' Motion in Limine to exclude exhibits that relate to the Court's ruling on docket numbers 132, 133, and 140 (Doc. 324) is **GRANTED**. The United States' Motion in Limine to exclude the testimony of Kenneth N. Weiss also seeks to exclude certain opinions of Michael E. Barrett. Mr. Barrett is no longer

4

testifying in this case, so this prong of the United States' Motion in Limine (Doc. 187) is **MOOT**.

Signed in Baton Rouge, Louisiana, on October 10, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**