UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| LOUISIANA DEPARTMENT OF | )  Civil Action No. 09-CV-100-JJB-DD |
| ENVIRONMENTAL QUALITY, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| LOUISIANA GENERATING LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF UNITED STATES' OPPOSITION TO
## LOUISIANA GENERATING, LLC'S MOTION TO STRIKE

Contrary to Defendant Louisiana Generating LLC's ("LaGen") Motion to Strike, Plaintiffs have complied with the Court's order to remove smoke and smog from Plaintiffs' demonstratives. Yet, that apparently is not enough for LaGen; its motion to strike attempts to preclude Plaintiffs from even showing that coal-fired power plants, including Big Cajun II Units 1 and 2, emit air pollutants from smokestacks. This deprives the jury of critical and basic background information to which it is entitled. For those and other reasons listed below, Defendant's motion should be denied.

First, there is nothing prejudicial about an image of a smokestack. It is a basic part of a coal-fired power plant, including Big Cajun II Units 1 and 2. There is also nothing prejudicial about stating the basic fact that coal-fired power plants burn coal and emit air pollutants from

smokestacks, or that burning more coal means more air pollution. Those air pollutants include nitrogen oxides ("$NO_x$") and sulfur dioxide ("$SO_2$"), which are emitted upward from the stack into atmosphere. LaGen itself has publicly reported the emissions of tens of thousands of tons of those air pollutants annually from the Big Cajun II Units to the U.S. Environmental Protection Agency. Big Cajun II's emissions, and coal-fired power plant emissions in general, represent basic, factual information for the jury about how power plants work and how burning coal generates the emissions at issue in this case. Indeed, Big Cajun II's emissions from Units 1 and 2 are precisely what this case is about.

Second, and similarly, there is nothing prejudicial about using arrows in lieu of smoke plumes to inform the jury that coal-fired power plants in general, and Big Cajun II specially, emit $NO_x$ and $SO_2$ from smokestacks into the atmosphere. With respect to the differing sizes of the arrows on PD Nos. 142 and 143, those simply reflect the difference in the amount of the emissions in relation to the 40 ton per year threshold in the Prevention of Significant Deterioration regulations.

Third, the images on the demonstratives attached to LaGen's motion are derived from technical drawings of the Big Cajun II Plant produced by LaGen and aerial photographs of the Plant taken during discovery in this case. Indeed, each image is based on the *actual* Big Cajun II facility, with the only exceptions being PD Nos. 11-15 and 27, which generally depict the operations of a coal-fired power plant in an equally neutral manner.

Finally, LaGen is simply mistaken that Plaintiffs' Demonstrative No. 175 depicts a "cartoon-ish plume of smoke." Doc. 408 at 3 (emphasis original). Any reasonable person familiar with "cartoons" would know that the slide depicts a "thought bubble." As Plaintiffs' witness will testify, and as apparent from the demonstrative itself, the thought bubble is intended

to show that Cajun was in the process of deciding, *i.e.,* thinking about, the scope of the reheater projects that it would perform on Units 1 and 2.

In response to the Court's order, Plaintiffs have worked in good faith to identify a neutral way to display this background information about Big Cajun II Units 1 and 2's operations and emissions to the jury. Yet, it is now clear that LaGen seeks to preclude *any* image that identifies the fact that air pollutants are emitted from the Unit 1 and 2 smokestacks into the atmosphere, as if to suggest that coal goes into the Big Cajun II plant and no emissions come out. That would be obviously false and misleading to the jury. For that and other reasons stated here, LaGen's motion to strike should be denied.

Dated: October 12, 2012.

        Respectfully submitted,

        /s/ Andrew C. Hanson
        Andrew C. Hanson (WI 1038367)
        Richard M. Gladstein
        Trial Attorney
        James A. Lofton
        Justin A. Savage
        Elias L. Quinn
        Anna Cross
        Andrew Hanson
        Jennifer Lukas-Jackson
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611, Ben Franklin Station
        Washington, D.C. 20044
        (202) 514-9859
        (202) 616-6584
        E-mail: Andrew.hanson2@usdoj.gov

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Email: john.gaupp@usdoj.gov

OF COUNSEL:
Melanie Shepherdson
Attorney –Advisor
Air Enforcement Division
U.S. Environmental Protection Agency
1200 Pennsylvania, Ave., N.W.
Washington, D.C. 20460

Andrea Carillo
Assistant Regional Counsel
U.S. EPA, Region 6
1445 Ross Avenue
Dallas, Texas 75202

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 12, 2012 the foregoing Motion was filed electronically via the ECF system and emailed to counsel of record via that system.

                                        /s/ Andrew C. Hanson
                                        Andrew C. Hanson