UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>LOUISIANA DEPARTMENT OF<br>ENVIRONMENTAL QUALITY,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>LOUISIANA GENERATING, LLC,<br><br>Defendant. | Civil Action No. 09-100-JJB-RLB |

**ORDER**

Before the court is a "Consent Motion for Entry of Stipulated Agreement and Confidentiality Order Regarding Settlement Materials" (R. Doc. 429) filed on February 13, 2015 by Louisiana Generating LLC ("Louisiana Generating"). The motion seeks to protect from disclosure communications between Louisiana Generating, its parent company NRG Energy, Inc. ("NRG"), and the United States of America, on behalf of the United States Environmental Protection Agency ("EPA") during their settlement negotiations in this action that culminated in the Consent Decree (R. Doc. 427) entered on March 5, 2013. The United States consents to the Motion. (R. Doc. 429 at 2). The motion does not indicate whether the LDEQ has any position with regard to the motion.

1

I.      **Procedural History and Background**

On February 18, 2009, the United States brought this action against Louisiana Generating seeking injunctive relief and the assessment of civil penalties related to the Big Cajun II electric generating station. (R. Doc. 1).  The United States alleged that applicable federal and state statutes and regulations prohibited the operation of the generating station without the use of Best Available Control Technology for the reduction of air pollution after a major modification was performed at the facility.

On August 25, 2009, the court entered a protective order governing confidential information exchanged between Louisiana Generating and the United States in this action. (R. Doc. 50).  The protective order specifically stated that its provisions were subject to FOIA and its implementing regulations. (R. Doc. 50 at 2, 11).  In other words, the protective order did not seek to prevent the public from obtaining documents exchanged in this action if sought in accordance with FOIA.

On February 19, 2010, the LDEQ intervened in this action alleging claims essentially identical to those brought by the United States. (R. Docs. 59, 60).  On March 5, 2010, the court entered an amended stipulated protective subjecting the LDEQ to its provisions. (R. Doc. 65). Like the earlier protective order between Louisiana Generating and the United States, this amended protective order stated that its provisions were subject to FOIA and its implementing regulations. (R. Doc. 65 at 1, 8).

On August 9, 2010, Louisiana Generating and NRG initiated a separate insurance coverage action against Illinois Union Insurance Company ("Illinois Union"). *See Louisiana Generating LLC v. Ill. Union Ins. Co.*, No. 10-cv-516-JJB-SCR (M.D. La.), which has been

consolidated with a parallel action initiated by Illinois Union, *Illinois Union Ins. Co. v. Louisiana Generating, LLC*, No. 10-cv-835-JJB-SCR (M.D. La.) (collectively, the "Insurance Action").[1] At dispute in the Insurance Action is whether certain requirements of the Consent Decree should be categorized, for insurance recovery purposes, as "remediation" costs (which are potentially recoverable under the insurance policy) or regulatory compliance costs. Illinois Union is seeking to obtain, through discovery and FOIA requests, documents and information exchanged between Louisiana Generating, NRG, and the United States during their settlement negotiations in this action, which occurred between August 22, 2012 (R. Doc. 346) and the entry of the Consent Decree on March 5, 2013 (R. Doc. 427). *See Louisiana Generating*, No. 10-cv-516-JJB-SCR, ECF Nos. 242, 270, 276, 280).

On February 13, 2015, Louisiana Generating filed the instant motion for protective order. The proposed protective order would prohibit Louisiana Generating, NRG, and the United States from "making available to the public generally, including release by the United States under the Freedom of Information Act ('FOIA'), 5 U.S.C. § 552, *et seq*., any oral and written communications prepared and exchanged between [those entities] in the course of settlement negotiations" in this action. (R. Doc. 429 at 1). The proposed protective order also contains a provision requiring Louisiana Generating, NRG, and the United States to notify the Louisiana Department of Environmental ("LDEQ") and its agents of the protective order. (R. Doc. 429-2 at 3).

---

[1] The same district judge who handled this action, and entered the Consent Decree, is handling the Insurance Action. Louisiana Generating has been afforded an opportunity to oppose the motions to compel filed by Illinois Union seeking the settlement negotiation materials at issue.

**II.     Law and Analysis**

Rule 26(c) allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Federal courts have the power to issue a nondisclosure order that is more protective than FOIA exemptions. *See GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 387 (1980); *Wagar v. DOJ*, 846 F.2d 1040, 1047 (6th Cir. 1998).  Accordingly, where a federal court has issued a nondisclosure order precluding the production of certain documents to non-parties of an action, the United States need not provide those documents to a public inquiry made pursuant to FOIA. *See GTE Sylvania, Inc.*, 445 U.S. at 387 ("There is nothing in the legislative history to suggest that in adopting the Freedom of Information Act to curb agency discretion to conceal information, Congress intended to require an agency to commit contempt of court in order to release documents.").

Here, Louisiana Generating is seeking entry of a protective order that would preclude from discovery in another action the communications and documents exchanged during settlement negotiations in this action.  Although this court has the power to issue the protective order requested, it will not do so in light of the procedural history before it.

Louisiana Generating argues, in part, that the requested protective order is merited because "[f]ailing to protect settlement communications from disclosure discourages parties from seeking early resolution of claims, leads to extended litigation and expenditure of scare judicial resources, and hinders efforts to protect the environment, public health and safety." (R. Doc. 429-1 at 4). This argument ignores the fact that the parties have completed settlement negotiations, the court has entered a Consent Decree, and this action is now closed. There is simply no concern in this action that settlement negotiations will be chilled by allowing the public access to that process. Where, as here, the settlement agreement has been finalized, the policy in favor of encouraging ongoing settlement discussions is no longer a factor. *See Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014). Had the parties to this action been concerned that disclosure of their settlement negotiations pursuant to FOIA would "chill" their settlement negotiations, they could have sought a protective order prior to or during those negotiations. *See United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856 (2nd Cir. 1998) (trial judge had the power to prevent access to ongoing settlement negotiations when necessary to encourage the amicable resolution of a pending dispute). Instead, the parties did not seek to modify the applicable protective order governing confidentiality in this action, which makes it clear that the disclosure of confidential documents between the parties is subject to FOIA. (R. Doc. 65 at 1, 8).

This decision does not leave Louisiana Generating without any potential remedies. The court can appropriately determine, pursuant to Rule 26 of the Federal Rules of Civil Procedure, whether discovery of such materials is merited in the Insurance Action. *See Equal Rights Center v. Archstone-Smith Trust*, 251 F.R.D. 168, 170 (D. Md. 2008) (Rule 26 is the appropriate

mechanism for determining whether settlement negotiations are relevant and, therefore, discoverable). Similarly, if the United States determines that those settlement negotiation materials are exempt from FOIA requests, it has avenues for seeking relief, including the FOIA exemption process or potential intervention in the Insurance Action.[2]

### III. Conclusion

For the foregoing reasons, the court does not find good cause for entering the proposed protective order regarding settlement negotiation materials in this closed action.

**IT IS ORDERED** that Louisiana Generating's Consent Motion for Entry of Stipulated Agreement and Confidentiality Order Regarding Settlement Materials (R. Doc. 429) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 7, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The court reaches no conclusions on whether a FOIA exception would preclude disclosure of the settlement negotiations between the parties in this case. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978) (NRLB was entitled to withhold statements under FOIA exemption where release of such statements would interfere with enforcement proceeding).